**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LESLIE POTTER**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ESTATE OF LORI GRAY, et al.,**<br><br>**Defendants.** | **Case No. 25-cv-00143-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on Defendants Tonya Piephoff, Jonathon Colen, Brad Hughes, Joel Vercide, Yetunde Johnson, Sara Wright, Meredith Woods, and Dule M. Quintaro's (collectively the "IDHS Defendants") Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 41). For the reasons set forth below, the IDHS Defendants' motion is **DENIED**.

## PROCEDURAL HISTORY

On January 30, 2025, Plaintiff Leslie Potter ("Potter"), and his relatives Elaine Dohman and Michelle Potter filed a two-count complaint against the IDHS Defendants, as well as Defendants Lori Gray, Eric Price, and Arrowleaf. (Doc. 1). Plaintiffs alleged that while Potter was involuntarily held at Choate Mental Health Center ("Choate") the Defendants prevented him from receiving proper medical care. Count I of Plaintiffs Complaint sought recovery for various violations of Potter's substantive due process rights while he was involuntarily held at Choate pursuant to 42 U.S.C. § 1983. (*Id.*). In Count II, Elaine Dohman and Michelle Potter's sought

recovery for their emotional distress and loss of companionship. (*Id.*).

The Defendants filed various Motions to Dismiss for failure to state a claim, (Docs. 9, 13, 26), and the Plaintiffs responded. (Docs. 24, 30). After consideration, the Court entered an Order dismissing Count I with prejudice as to Defendants Arrowleaf and Eric Price, but without prejudice as to Defendants Lori Gray, and the IDHS Defendants. (Doc. 31). Additionally, Count II was dismissed with prejudice as to all defendants. (*Id.*). The Court concluded that the Complaint failed to state a claim under the Fourteenth Amendment because the Plaintiffs had failed to sufficiently allege that the Defendants' diagnosis and treatment decisions constituted a substantial departure from accepted professional judgment. (*Id.*, p. 13). Furthermore, the Court found that the decision not to transport Potter for additional medical imaging was in reliance of the professional medical judgment that Potter suffered from schizophrenia. (*Id.*, pp. 13–14).

Thereafter, Potter filed his Amended Complaint against the Estate of Lauri Gray[1] and the IDHS Defendants alleging denial of substantive due process in violation of 42 U.S.C. § 1983. (Doc. 32). The IDHS Defendants filed the instant Motion on March 02, 2026. (Doc. 41). Potter has not filed a response in opposition.

## Factual Background

The following facts are derived from Potter's Amended Complaint and accepted as true for the purpose of analyzing the IDHS Defendants' Motion to Dismiss. *See Cooper v. Pate*, 378 U.S. 546, 546 (1964). Potter was initially committed to Choate on

[1] Lauri Gray is deceased, and Plaintiff has substituted her estate as party defendant. (Doc. 32, p. 5).

June 26, 2024, in response to a claim that he was dangerous or unable to care for himself due to diagnosis of a serious mental illness. (Doc. 32, p. 4). Choate is operated by the Illinois Department of Human Services in Anna, Illinois. (*Id.*, p. 2). While being treated at Choate, Potter was diagnosed with schizophrenia. (*Id.*). This diagnosis was made without any Computed Tomography Scans ("CT") or Magnetic Resonance Imaging ("MRI") to determine if Potter had any "brain abnormality." (*Id.*, p. 2). While Potter was given a "nominal" process to contest his detention, any attempt to challenge the psychiatric authority that had been imposed on him would have resulted in more severe treatment. (*Id.*, p. 3).

While Potter was confined at Choate, the Defendants refused to transport Potter for two separate appointments for medical imaging. (*Id.*, p. 3). Finally, after two months, doctors at a different hospital ordered MRI imaging for Potter, and it was revealed that he was suffering from a series of strokes. (*Id.*, p. 4). Potter was ultimately discharged to a local nursing home where he currently remains. (*Id.*).

While at Choate, Potter was neglected, held in a locked clinical unit, suffered multiple strokes, and was left severely disabled after the IDHS Defendants failed to provide him proper medical evaluations or diagnoses. (*Id.*, p. 4). Due to his untreated strokes, Potter now requires nursing home care at 36 years old, and remains heavily medicated with tranquilizers, potentially for life. (*Id.*). Potter alleges that Defendants' actions have left him in diapers, mostly unable to walk, speak intelligibly, or safely feed himself. (*Id.*).

## Applicable Legal Standards

A complaint survives a motion to dismiss under Rule 12(b)(6) if the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545.

The Court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013). In doing so, the Court may consider documents attached to the complaint, which are part of the pleading for all purposes. Fed. R. Civ. P. 10(c); *see Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## Analysis

To succeed on a Section 1983 claim, a plaintiff "must show (1) action taken under color of state law, bringing about (2) a deprivation of a right protected by the Constitution." *Brown v. City of Lake Geneva*, 919 F.2d 1299, 1302 (7th Cir. 1990) (citing *Adickes v. S.H. Kress & Co.*, 395 U.S. 144, 150 (1970)). Plaintiff alleges that when the IDHS Defendants violated his due process rights they were acting under the color of state law in violation of the Fourteenth Amendment.

The Fourteenth Amendment's Due Process Clause forbids states from depriving persons of life, liberty, or property without due process of law. U.S. CONST. AMEND. XIV. While the Due Process Clause generally does not create an affirmative duty for state actors; the U.S. Supreme Court has interpreted the due process clause to mean there is an affirmative duty to provide reasonably safe conditions and adequate care for patients involuntarily committed to state mental health facilities. *See Youngberg v. Romeo*, 457 U.S. 307, 324 (1982); *see also City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983) (deliberate indifference by officials to serious medical need or injury of pretrial detainee constitutes punishment without due process). Potter was involuntarily committed at Choate, and his due process claim against the Defendants is governed by the "professional judgment standard." *Youngberg*, 457 U.S. at 321.

A professional's judgment is presumptively valid, and liability may be imposed only when the challenged decision of the professional constitutes "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Johnson v. Rimmer*, 936 F.3d 695, 707 (7th Cir. 2019) (quoting *Youngberg*, 457 U.S. at 323)). In context of medical care, the plaintiff must demonstrate that (1) his medical need was objectively serious, and (2) that the treatment decisions of the medical professionals were a substantial departure from the accepted professional standard of care. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998).

To show a substantial departure from the accepted standard of care, a plaintiff must establish "(1) that the professional knew of the serious medical need, and (2) disregarded that need." *Id.th* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The trier of fact can conclude that the professional knew of the need from evidence that the serious medical need was obvious. *Collignon*, 163 F.3d at 989 (citing *Farmer*, 511 U.S. at 842). To show that a need was disregarded, a plaintiff must show that "the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon*, 163 F.3d at 989.

As the Court previously determined, Potter suffered from an objectively serious medical condition. *See* (Doc. 31, p. 13). Therefore, the analysis turns to whether Potter has plausibly alleged enough facts to show that the Defendants' diagnosis and treatment decisions substantially departed from accepted standards of professional judgment.

Potter's Amended Complaint contains additional factual allegations focused on showing that the Defendants' conduct was below that of the minimum standard of processional care. (Doc. 32). Potter alleges he presented stroke-like symptoms, yet the Defendants diagnosed him as schizophrenic without any CT or MRI imaging to rule out the possibility of strokes. (*Id.*, p. 2–3). Potter continued to present stroke-like symptoms over the following two months before he was finally given an MRI. (*Id.*, p. 4). During Potter's two months at Choate, the Defendants twice prohibited jim from being transported to scheduled MRI and other medical-imaging appointments. (*Id.*,

pp. 6–9). Additionally, Potter now alleges that each of the IDHS Defendants lacked the discretion to determine that medical imaging was unnecessary before diagnosing Potter as psychiatrically ill and thus improperly treated him to his severe detriment. (*Id.*, pp. 7–10).

The allegations contained within Potter's Amended Complaint materially differ from those of the original complaint. Potter is no longer merely alleging that the Defendants' diagnosis of schizophrenia was under the false pretense of providing aid, or that there was a lack of a medical basis for asserting that he was schizophrenic. Instead, Potter has claimed that the Defendants ignored his continued strokes-like symptoms for two months and deliberately prohibited him from receiving the medical imaging that would have revealed the extent of his medical needs. (*Id.*, pp. 2–9). Accepting these allegations as true, the Amended Complaint sufficiently alleges that the Defendants' actions constitute a substantial departure from accepted professional judgment.

## Conclusion

For the reasons set forth above, Defendants Tonya Piephoff, Jonathan Colen, Brad Hughes, Joel Vercide, Yetunde Johnson, Sara Wright, Meredith Woods, and Dule M. Quintaro's Motion to Dismiss is **DENIED**. Defendants Tonya Piephoff, Jonathan Colen, Brad Hughes, Joel Vercide, Yetunde Johnson, Sara Wright, Meredith Woods, and Dule M. Quintaro's Motion are **ORDERED** to answer Plaintiff's Complaint within thirty days of this Order.

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**